# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DEAN W. RANDOLPH,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-376**     (Cir. Ct. Harrison Cnty. Case No. CC-17-2023-C-245)

**HEATHER D. WHITE, LARRY J. FORD II,**
**DEBBIE L. VAC, and STATE FARM**
**FIRE AND CASUALTY COMPANY,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Dean W. Randolph appeals the Circuit Court of Harrison County's August 22, 2025, order denying Mr. Randolph's motion for a new trial and the circuit court's August 22, 2025, order granting Respondent State Farm Fire and Casualty Company's ("State Farm") motion for summary judgment. Respondents Debbie L. Vac and State Farm filed separate responses.[1] Respondents Heather D. White and Larry J. Ford II did not participate in this appeal. Mr. Randolph filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's two August 22, 2025, orders is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On June 19, 2022, Mr. Randolph was attacked by a pit bull dog at his neighbor's property in Harrison County. The attack resulted in a deep tearing wound to the right side of his neck, causing significant scarring and disfigurement. Larry Ford's girlfriend, Heather White, owned the dog. The property where the attack occurred was owned jointly by Mr. Ford's three sisters: Rebecca Ford, Kelly Cole, and Debbie Vac. The modular home located on the property was insured by Ms. Vac under a State Farm policy. At all relevant times, including the date of the incident, Ms. Vac resided at her home in Monongalia County.

---

[1] Mr. Randolph is represented by T. Keith Gould, Esq., and Timothy R. Miley, Esq. Debbie L. Vac is represented by G. Thomas Smith, Esq., and Afton L. Aman, Esq. State Farm is represented by Susan R. Snowden, Esq.

1

Mr. Randolph initiated this action on October 30, 2023, against Ms. White, Mr. Ford, and Ms. Vac, and later amended his complaint on January 13, 2025, to assert a declaratory judgment claim against State Farm. He alleged that Ms. White and Mr. Ford were liable for negligence in owning and keeping the dog and in permitting it to run at large in violation of West Virginia Code § 19-20-13 (1951). He further alleged that, as a co-owner of the property and the modular home, Ms. Vac was negligent in allowing Mr. Ford to reside or stay on the premises with the dog. He also contended that the State Farm policy provided coverage for the incident based on the asserted liability of Ms. Vac and Mr. Ford as "insureds."

The circuit court bifurcated the declaratory judgment action from the underlying tort claims. The tort claims proceeded to a jury trial from April 21 through April 23, 2025. At the close of evidence, the circuit court permitted Mr. Randolph to amend his complaint to add a claim alleging that Ms. Vac was a "keeper" of the dog. The jury returned a verdict finding no liability on the part of Ms. Vac and apportioned fault as follows: Ms. White (63%); Mr. Ford (10%); and Mr. Randolph (27%).

Following the verdict, Mr. Randolph moved for a new trial pursuant to Rule 59(a), asserting that, contrary to the circuit court's pretrial ruling, he should have been permitted to introduce additional evidence relating to: (1) Mr. Ford's general propensity for irresponsible behavior, (2) his alleged history as an irresponsible caretaker of dogs, (3) Ms. White's propensity to act irresponsibly, and (4) evidence suggesting that Ms. Vac failed to remove the dog from the property, allegedly resulting in a later attack on another individual. By order entered August 22, 2025, the circuit court denied the motion, finding that Mr. Randolph failed to demonstrate prejudicial error, a miscarriage of justice, or that the verdict was against the clear weight of the evidence.

In the bifurcated coverage action, State Farm moved for summary judgment. By separate order entered on August 22, 2025, the circuit court granted the motion. The circuit court relied on the policy's definition of an "insured":

"insured" means you and, if residents of your household:
a. your relatives; and
b. any other person under the age of 21 who is in the care of a person described above.

Under Section II, "insured" also means:
c. with respect to animals . . . to which this policy applies, the person or organization legally responsible for them. However, the animal . . . must be owned by you or a person included in 5.a. or 5.b. A person or organization using or having custody of these animals . . . in the course of a business, or without the permission of the owner, is not an insured[.]

2

The circuit court concluded that the undisputed facts demonstrated two reasons Mr. Ford was not an insured: (1) he was not a member of Ms. Vac's household and (2) he was not the owner of the pit bull. The circuit court further acknowledged Mr. Randolph's concession that Ms. White was not an insured. Thus, the court determined that the policy provided no liability coverage for the incident, entered judgment in favor of State Farm on the declaratory judgment claim, and closed the case. This appeal of the two August 22, 2025, orders followed.

The two orders on appeal are subject to different standards of review. The circuit court's denial of Mr. Randolph's motion for a new trial is reviewed for an abuse of discretion. *Tennant v. Marion Health Care Found., Inc.*, 194 W. Va. 97, 104, 459 S.E.2d 374, 381 (1995) ("As a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard."). The August 22, 2025, order granting State Farm's motion for summary judgment is reviewed de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."). Further, "[a] circuit court's entry of a declaratory judgment is reviewed *de novo*." Syl. Pt. 3, *Cox v. Amick*, 195 W. Va. 608, 466 S.E.2d 459 (1995). With these standards in mind, we address the parties' arguments.

On appeal, Mr. Randolph asserts four assignments of error. In his first assignment of error, Mr. Randolph contends he is entitled to a new trial because the circuit court improperly limited evidence under his premises liability theory. Conversely, Ms. Vac argues that denying Mr. Randolph's motion for a new trial was not an abuse of discretion as he was permitted to present all relevant evidence regarding all claims he asserted against Ms. Vac, including his premises liability claim. We agree with Ms. Vac.

Given our deferential standard of review, we cannot say that denying Mr. Randolph's motion for a new trial was an abuse of its discretion. "In general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the circuit court makes a serious mistake in weighing them." *Gentry v. Mangum*, 195 W. Va. 512, 520 n.6, 466 S.E.2d 171, 179 n.6 (1995). As the circuit court recognized, Mr. Randolph's grounds for a new trial were essentially that the court erred pretrial in precluding him under Rule 404 of the West Virginia Rules of Evidence from introducing evidence of Mr. Ford and Ms. White's alleged prior irresponsible acts. These evidentiary rulings are also subject to abuse of discretion review. *See McKenzie v. Carroll Int'l Corp.*, 216 W. Va. 686, 690, 610 S.E.2d 341, 345 (2004). The circuit court discussed in detail Mr. Randolph's claims of wrongfully excluded evidence and explained why the exclusions were proper. It then exercised its discretion and concluded that exclusion of evidence did not justify a new trial. Simply stated, the circuit court did not ignore a factor or rely on an improper one in concluding a new trial was unwarranted.

3

Moreover, "[a]n appellate court will not set aside the verdict of a jury, founded on conflicting testimony and approved by the trial court, unless the verdict is against the plain preponderance of the evidence." Syl. Pt. 1, *Capitol Chrysler-Plymouth, Inc., v. Megginson*, 207 W. Va. 325, 532 S.E.2d 43 (2000) (quoting Syl. Pt. 1, *Kessel v. Leavitt*, 204 W. Va. 95, 511 S.E.2d 720 (1998)). Mr. Randolph had the opportunity to present evidence and arguments to the jury. The jury heard the testimony, reviewed the evidence, and returned a verdict, which the circuit court confirmed. Upon review, the record demonstrates that the jury verdict is supported by a "plain preponderance" of the evidence.

In his last three assignments of error, Mr. Randolph asserts that the circuit court erroneously granted summary judgment to State Farm regarding coverage issues and argues that: (1) the policy should apply to Mr. Ford as an insured because he is a relative of Ms. Vac and lived at the property; (2) Mr. Ford is not required to own the dog to be an insured under the policy; and (3) material issues of genuine fact regarding whether Mr. Ford lived at the property preclude summary judgment. We find that these arguments do not demonstrate error.

As set forth above, the State Farm policy defines an "insured" to include the policyholder—Ms. Vac—and her relatives who were "residents of your household." Therefore, Mr. Ford would have fit the definition of an "insured" had he been a "resident[] of [Ms. Vac's] household." Here, the State Farm policy does not define the term "household" or the phrase "residents of your household." As recognized by the circuit court, the Supreme Court of Appeals of West Virginia ("SCAWV") has explicitly addressed how to interpret this phrase where it is undefined:

> In a homeowners' insurance policy that does not otherwise define the phrase "resident of your household," the phrase means a person who dwells— though not necessarily under a common roof—with other individuals who are named insureds in a manner and for a sufficient length of time so that they could be considered to be a family living together. The factors to be considered in determining whether that standard has been met include, but are not limited to, the intent of the parties, the formality of the relationship between the person in question and the other members of the named insureds' household, the permanence or transient nature of that person's residence therein, the absence or existence of another place of lodging for that person, and the age and self-sufficiency of that person.

Syl. Pt. 3, *Farmers Mut. Ins. Co. v. Tucker*, 213 W. Va. 16, 576 S.E.2d 261 (2002). While this "is typically a question of fact that cannot be determined through a motion for summary judgment," *id.* at 25, 576 S.E.2d at 270, the SCAWV has recognized that summary judgment can be appropriate where the parties make their "mutual intent amply clear during testimony." *Glen Falls Ins. Co. v. Smith*, 217 W. Va. 213, 219, 617 S.E.2d 760, 766 (2005).

4

Here, Ms. Vac testified that she lived in her home in Monongalia County, that at the time of Mr. Randolph's injury Mr. Ford stayed at the insured property only temporarily, that during the relevant period Mr. Ford lived with Ms. White at a separate property, and that she did not consider Mr. Ford a resident of the property during that period. Mr. Ford similarly testified that during the relevant period, he did not live at the insured property, that he stayed there only occasionally, and that he lived with Ms. White at a separate residence. Given this testimony,[2] under the *Tucker* factors we find no error in the circuit court's conclusion that Mr. Ford was not a resident of Ms. Vac's household.

Moreover, by its plain terms, the policy provides that for coverage "with respect to animals," the animal in question must be owned by the named insured or an additional insured. It is undisputed that Ms. White owned the dog and was not an insured. The policy's ownership requirement is unambiguous, and the circuit court properly enforced it. As a result, we find no error in the circuit court determining that Mr. Ford was not covered under the policy or in granting State Farm's motion for summary judgment.

For the foregoing reasons, we affirm the circuit court's August 22, 2025, order denying Mr. Randolph's motion for a new trial and the circuit court's August 22, 2025, order granting State Farm's motion for summary judgment.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[2] Mr. Randolph does not dispute Ms. Vac and Mr. Ford's definitive testimony that they did not live together, that Mr. Ford did not live at the insured property, or that Mr. Ford resided with Ms. White during the relevant period. Instead, he points to the trial testimony of a neighbor of the property, Mr. Seckman, and that of a USPS employee, Ms. Hill, that each believed that Mr. Ford lived at the insured property during the relevant period. However, Mr. Randolph did not cite Ms. Hill's testimony in his response to State Farm's summary judgment motion, and he only generally referred to Mr. Seckman's testimony. Regardless, this testimony is insufficient to create an issue of material fact regarding whether Ms. Vac and Mr. Ford "could be considered to be a family living together" under *Tucker*.